## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between the Plaintiff, RODOLFO JESUS MOJENA (hereinafter, "PLAINTIFF"), and the Defendants, WORLDWIDE TRANSPORTATION SERVICES, INC., d/b/a WORLDWIDE TRANSPORTATION and ALI A. MALEK (hereinafter, collectively, as "DEFENDANTS"), this _10_ day of March, 2015, as follows:

### Section I – General Recitals & Representations

**1.1**  PLAINTIFF has filed a lawsuit against the DEFENDANTS alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"). *See Rodolfo Jesus Mojena v. Worldwide Transportation Services, Inc. d/b/a Worldwide Transportation and Ali A. Malek.*, Case No. 0:15-cv-60340-RNS (the "Lawsuit").

**1.2**  DEFENDANTS deny any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by PLAINTIFF against DEFENDANTS, the parties have elected to voluntarily enter into this Agreement. PLAINTIFF agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by DEFENDANTS.

**1.3**  In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

### Section II – Release & Payment

**2.1**  **Mutual Full and General Waiver of All Claims.** PLAINTIFF knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against DEFENDANTS and their employees, principals, owners and agents, including but not limited to, claims arising out of PLAINTIFF'S employment or relationship with DEFENDANTS, that he may now have against DEFENDANTS regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of DEFENDANTS or any of DEFENDANTS' employees, agents or representatives. PLAINTIFF expressly acknowledges and agrees that this release and waiver includes, but is not limited to, all claims asserted in the Lawsuit, as well as all claims or lawsuits arising under the Fair Labor Standards Act ("FLSA"), as amended, The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), Title VII of the Civil Rights Act of 1964 (as amended), The Florida Civil Rights Act of 1992, the federal Age Discrimination in Employment Act ("ADEA"), Discrimination Act, 42 U.S.C. § 1981, the Equal Pay Act, the National Labor Relations Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Florida Whistle-Blower Act, the Sarbanes-Oxley Act of 1992, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Immigration and Nationality Act, the Occupational Safety and Health Act ("OSHA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the federal Fair Credit Reporting Act, Florida's Whistleblower Act or another other whistleblower or retaliation act, and any other federal or state statute or local ordinance or any common law cause of action including, without limitation, claims for unpaid minimum



and overtime wages, age discrimination, sexual harassment, gender discrimination, retaliation, breach of contract (express or implied), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud, unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, retaliation, intentional infliction of emotional distress, wrongful or unlawful discharge, defamation, assault, battery, or claims of personal injury. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. The listing of claims above is intended to be illustrative rather than exhaustive. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that PLAINTIFF may have against DEFENDANTS.*

Similarly, DEFENDANTS knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against PLAINTIFF, including but not limited to, claims arising out of PLAINTIFF'S alleged employment or relationship with DEFENDANTS, that DEFENDANTS may now have against PLAINTIFF regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of PLAINTIFF. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that DEFENDANTS may have against PLAINTIFF up to the date of this Agreement.*

**2.2 Dismissal of Claims/Court Approval.** The parties agree to submit this Agreement to the Court for approval and/or a fairness hearing, as required, in order to have the case dismissed against all parties with prejudice upon the Court determining that the settlement reached is a fair compromise of disputed claims. The parties agree for the Court to retain jurisdiction in order to enforce the terms of this Agreement.

**2.3 Payment of Consideration by DEFENDANTS.** In exchange for: (1) PLAINTIFF'S release and waiver of any and all claims (including those for attorneys' fees and costs) against DEFENDANTS; and (2) all other promises PLAINTIFF has made herein (including, but not limited to, those relating to confidentiality), DEFENDANTS agree to pay the collective total gross settlement value of FOURTEEN THOUSAND FIVE HUNDRED DOLLARS ($14,500.00), which is to be broken down as follows: (a) PLAINTIFF shall receive a total of EIGHT THOUSAND FOUR HUNDRED DOLLARS & 00/100 ($8,400.00) for PLAINTIFF'S FLSA claims; and (b) Plaintiff's counsel Koz Law, P.A., shall receive SIX THOUSAND ONE HUNDRED DOLLARS & 00/100 ($6,100.00) for attorney's fees and costs in connection with Plaintiff's FLSA claims. PLAINTIFF shall be responsible for his tax obligations and any other obligations, if any. The full settlement value, which resolves all of PLAINTIFF'S claims, including for attorney's fees and costs, shall be due within ten (10) calendar days from the date the parties sign this Agreement, which amount shall be held in escrow by Plaintiff's counsel until the Court's approval of the parties' settlement and the final dismissal of all claims in the Lawsuit with prejudice.

The settlement checks have been delivered to: Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, FL 33316.

**2.4 Consideration is Adequate, Ample and All Inclusive:** PLAINTIFF specifically agrees that the sums paid to him under this Agreement constitute adequate and ample consideration for the rights and claims that he is releasing and waiving under this Agreement, and for the other obligations imposed upon him by this Agreement.

### Section III – Confidentiality & No Disparagement

**3.1 Confidentiality.** Despite the fact that this Agreement will be made part of the Court record, PLAINTIFF and DEFENDANT agree and understand that the circumstances surrounding this lawsuit, PLAINTIFF'S alleged employment with DEFENDANTS, and the Agreement are strictly and absolutely confidential. Notwithstanding any notations or filings in the judicial record, PLAINTIFF and DEFENDANT promise that they will not disclose the fact of or terms of this Agreement, the settlement reached between the parties, or any of the alleged issues and claims in the Lawsuit to anyone, unless ordered to do so by a court of competent jurisdiction. As is the case with all other provisions of this Agreement, Confidentiality is a material condition of this Agreement. PLAINTIFF and DEFENDANT agree not to disclose or discuss this Agreement, the circumstances related thereto, or any information regarding the existence or substance of this Agreement to anyone except to their attorneys and accountants with whom they choose to consult regarding the execution of this Agreement.

**3.2 No Disparagement (mutual).** The Parties agree not to disparage each other, or their agents and representatives to any person or entity.

### Section IV – General Provisions

**4.1 Encouragement to Consult Attorney and Time to Consider Agreement.** PLAINTIFF acknowledges that he has consulted an attorney before signing this Agreement. PLAINTIFF also acknowledges that he was given a reasonable period of time within which to review and consider this Agreement before signing it, and that he understands each term of the Agreement and his obligations hereunder.

**4.2 No Re-Employment.** PLAINTIFF agrees that he is not entitled to employment with DEFENDANTS now or in the future, and that he will not re-apply for employment with DEFENDANTS.

**4.3 Effective Date.** This Agreement becomes effective and enforceable against the parties upon their execution of the Agreement.

**4.4 Amendment.** This Agreement may not be amended except by written agreement signed by DEFENDANTS and PLAINTIFF.

**4.5 Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**4.6 Governing Law, Severability, Interpretation and Construction.** This Agreement shall be governed and construed in accordance with the laws of the State of Florida. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the

remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

**4.7  Litigation of Disputes.** In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees to the prevailing party under this Agreement, as set forth in section 5.4 herein.

## Section V – Representations & Warranties

**5.1  Capacity of the Parties.** PLAINTIFF represents and warrants to DEFENDANTS that he has the full power, capacity, and authority to enter into this Agreement. PLAINTIFF also represents and warrants that no portion of any claim, right, demand, action, or cause of action that PLAINTIFF has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of PLAINTIFF'S claims released in this Agreement.

**5.2  Entire Agreement.** This Agreement sets forth the entire agreement between PLAINTIFF and DEFENDANTS and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**5.3  Recitals Incorporated.** All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**5.4  Attorney's Fees.** In any arbitration or litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels.

**5.5  Signatures in Counterparts and by Facsimile.** Signatures of the parties to this Agreement received in counterparts and/or by facsimile are valid when received and shall be treated like original signatures.

(signature page to follow)

WHEREAS, by execution of this Agreement below, the Parties express their consent to be bound in all respects to the terms and conditions of this Agreement.

_____  Dated: March _10_, 2015.
Plaintiff, RODOLFO JESUS MOJENA

Defendant, WORLDWIDE TRANSPORTATION  Dated: March _5_, 2015
SERVICES, INC. d/b/a WORLDWIDE
TRANSPORTATION

By: _____
Title: _President_
Print Name: _Ali Malek_

_____  Dated: March _5_, 2015.
Defendant, ALI A. MALEK